UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN S. KAMINSKI

v.

PRISONER
Case No. 3:06CV1524(CFD)

DETECTIVE HAYES, ET AL.

**RULING ON MOTIONS TO DISMISS [Dkt. #s 47 & 49]**

The Plaintiff is currently confined at the MacDougall Correctional Institution in Suffield, Connecticut. He brings this civil rights action *pro se* pursuant to 28 U.S.C. § 1915 against Chief of Police Gagliardi, Detective Sergeant Hayes and Detective Wardwell of the New Britain Police Department, New Britain Mayor Tim Stewart, the City of New Britain, Former Chief State's Attorney Christopher Morano, Probation Officer Christopher Pribyson and Attorney Martin Rizzi. He challenges a search of his residence pursuant to a warrant issued to Detectives Wardwell and Hayes on the ground that the affidavit in support of the warrant included false statements and omitted material information. Pending is a motion to dismiss filed by defendants Hayes, Wardwell, Gagliardi, City of New Britain and Stewart and a motion to dismiss filed by defendants Morano and Pribyson. For the reasons set forth below, the motions are granted.

## I. Facts

Plaintiff asserts that in February 2004, Detective Wardwell

and Detective Sergeant Hayes completed an affidavit containing false information in support of a warrant to search his residence. Plaintiff's former Probation Officer, Christopher Pribyson, provided information regarding his alleged credit card purchase of access to a website featuring child pornography to Detective Wardwell and Sergeant Hayes which they included on a "fabricated" Connecticut State Police form and attached to the search warrant affidavit. A Superior Court Judge found probable cause to issue the search warrant, New Britain police officers searched the plaintiff's residence pursuant to the warrant and seized various items of evidence, including photographs of the plaintiff engaged in sexual acts with unconscious minors. Based on the seizure of these photographs, an Assistant State's Attorney charged the plaintiff with multiple counts of sexual assault. State v. Kaminski, 106 Conn. App. 114, 119-20, 940 A.2d 844, 847-48, *cert. denied*, 287 Conn. 909, 950 A.2d 1286 (2008). Plaintiff retained Attorney Rizzi to represent him in the criminal matter.

In defending plaintiff in his state criminal case, Attorney Rizzi filed a motion to suppress all items seized pursuant to the February 2004 search warrant on the following grounds: "(1) lack of probable cause, (2) lack of particularity in the description of the items seized and (3) material representations made by police in the affidavit that were either intentionally false or

made with reckless disregard as to their truth or falsity." *Kaminski*, 106 Conn. App. at 120, 940 A.2d at 848. On March 22, 2005, the court heard argument on the motion to suppress. On April 25, 2005, the court granted the motion as to two of the items seized and denied the motion as to the rest of the items. *See id.*

Attorney Rizzi subsequently filed a motion for articulation of that ruling. *See id.* On May 12, 2005, the court granted the motion for articulation and issued a supplemental memorandum of decision articulating its rationale regarding plaintiff's claim of staleness of some of the information provided in the search warrant affidavit. *See id.*

In September 2005, Attorney Rizzi filed a motion to re-argue the motion to suppress and sought a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The state agreed to permit the plaintiff to reargue the motion to suppress. *See id.* at 121, 940 A.2d at 848-49. On September 29, 2005, the court granted the motion for re-argument and heard argument from both the plaintiff and the state on the merits of plaintiff's claim that Detectives Wardwell and Hayes intentionally or recklessly omitted facts which were material to the finding of probable cause. On November 18, 2005, after having considered the oral argument by plaintiff and the state and reviewing the supporting documents submitted with the motion to re-argue, the court denied the

request for a *Franks* hearing. *See id.* at 121, 940 A.2d at 849.

On February 14, 2006, plaintiff pleaded guilty to six counts of sexual assault in the first degree. On April 11, 2006, a judge sentenced plaintiff to fifty years of imprisonment, execution suspended after twenty-five years, followed by twenty-five years of probation. *See id.* The Connecticut Appellate Court affirmed the conviction on February 26, 2008. *See id.* at 138, 940 A.2d at 858.

## II. <u>Standard of Review</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are two underlying principles to be considered when applying the "plausibility standard" to a complaint. *Id.* First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." *Id.* at 1950. Even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a court is "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

**III. <u>Discussion</u>**

Defendants collectively assert eight grounds in support of the motions to dismiss. They argue that: (1) the official capacity claims for damages against Connecticut Probation Officer Pribyson and former Chief State's Attorney Morano are barred by the Eleventh Amendment; (2) the claims against former Chief State's Attorney Morano are barred by prosecutorial immunity; (3) the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and the doctrine of *res judicata*[1] bar the Fourth Amendment claims against defendants Wardwell, Hayes and Pribyson; (4) the allegations of conspiracy fail to state a claim upon which relief may be granted; (5) plaintiff fails to allege the personal involvement of defendants Stewart, Gagliardi and Morano; (6) plaintiff fails to state a claim against the City of New Britain; (7) certain defendants are entitled to qualified immunity and (8) the court should decline to exercise supplemental jurisdiction over any state law claims.

---

[1] The court does not address this argument as defendants have failed to adequately brief it and it would be more appropriately addressed on a motion for summary judgment.

**A. <u>Eleventh Amendment Immunity</u>**

The defendants argue that the claims against them in their official capacity are barred by the Eleventh Amendment. The court agrees.

The plaintiff sues defendants Morano and Pribyson in their official and individual capacities for damages. A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984). The Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979). Thus, the motion to dismiss is granted on all claims for damages against defendants Morano and Pribyson in their official capacities.

**B. <u>Claims Against Former Chief State's Attorney Morano</u>**

The plaintiff alleges that he sent a letter to Chief State's Attorney Morano regarding the false allegations in the search warrant affidavit and that he failed to take any action regarding the allegations in the letter. Defendants argue that former Chief State's Attorney Morano is protected by prosecutorial immunity.

A prosecutor is protected by absolute immunity from a section 1983 action "for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). The Supreme Court has held that a prosecutor is immune from a suit to recover damages that arise solely from the prosecution itself. "We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Plaintiff includes no specific allegations in the second amended complaint as to defendant Morano. In fact, defendant Morano is not mentioned other than in the caption and on the page describing the defendants. Accordingly, plaintiff fails to state a claim upon which relief may be granted as to defendant Morano.

In response to the motion to dismiss, plaintiff asserts that former Chief State's Attorney Morano did not prosecute his case, but he supervised Assistant State's Attorney Rotiroti who was assigned to prosecute the case. He claims that he wrote a letter to Attorney Morano in December 2005 regarding the claim that Assistant State's Attorney Rotiroti continued to prosecute the case after becoming aware that the search warrant was invalid. Plaintiff asserts that former Chief State's Attorney Morano failed to investigate his allegations. Plaintiff, however, cannot amend his amended complaint in his memorandum in

opposition to the motion to dismiss. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.1998) (plaintiff may not amend complaint through statements made in memorandum of law). Even if the court were to consider these allegations, the claims against defendant Morano would be barred by prosecutorial immunity.

Absolute immunity shields a prosecutor's decisions in litigating a case. *See Van De Kamp et al. v. Goldstein*, 555 U.S. ----, 129 S. Ct. 855, 859-60 (2009) (prosecutors are absolutely immune from liability for prosecutorial actions that are "'intimately associated with the judicial phase of the criminal process'") (quoting *Imbler*, 424 U.S. at 430). The Supreme Court has recently held that district attorneys are entitled to prosecutorial immunity for their failure to train or supervise their subordinates regarding matters "directly connected with the prosecutor's basis trial advocacy duties." *See id.* at ___, 129 S. Ct. at 863. Accordingly, defendant Morano is entitled to absolute prosecutorial immunity for his alleged failure to supervise Assistant State's Attorney Rotiroti in prosecuting the case. *See Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 205 (S.D.N.Y. 2004) ("To the extent the supervision or policies concern the prosecutorial decisions for which the ADAs have absolute immunity, then those derivative allegations against supervisors must also be dismissed on the ground that the supervising district attorneys have absolute immunity for the

prosecution-related decisions of their subordinates”.) The motion to dismiss is granted as to defendant Morano on this ground.

**C. Defendants Stewart and Gagliardi**

Plaintiff asserts that during the preliminary stages of his criminal case, he sent letters to Mayor Stewart and then Connecticut State Police Commissioner Leonard Boyle seeking an investigation of the alleged false statements in the search warrant affidavit and the illegal search of his residence by Detectives Wardwell and Hayes. Plaintiff claims that Commissioner Boyle forwarded the letter to Chief of Police Gagliardi for investigation. Plaintiff alleges that neither Mayor Stewart nor Chief Gagliardi responded to his letters. Defendants argue that plaintiff has not sufficiently alleged the personal involvement of New Britain Mayor Stewart and Chief of Police Gagliardi in the alleged violations of his constitutional rights. Plaintiff did not respond to this argument.

In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation. It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant’s direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. See Wright v.

Smith, 21 F.3d 496, 501 (2d Cir. 1994). Plaintiff does not allege that defendants Stewart or Gagliardi participated in the preparation of the search warrant affidavit or search of plaintiff's residence.

Plaintiff has no constitutional right to an investigation by New Britain Mayor Stewart or Chief of Police Gagliardi of the detectives about whom he complained. See Santossio v. City of Bridgeport, No. 3:01cv1460(RNC), 2004 WL 2381559, at *4 (D. Conn. Sept. 28, 2004) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989)). Thus, plaintiff fails to state a claim against defendants Stewart and Gagliardi for their failure to respond to his letters. The motion to dismiss is granted as to the claims against defendants Stewart and Gagliardi.

**D. Claims Against City of New Britain**

Defendants argue that plaintiff fails to allege any actions taken by the City of New Britain and fails to state a claim for municipal liability. Plaintiff does not address this argument.

In Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. The municipality may be liable for allegedly unconstitutional acts of a municipal employee if the plaintiff was subjected to the denial of his constitutional rights as a result of an official policy or custom. See Zahra v. Town of

Southold, 48 F.3d 674, 685 (2d Cir. 1995). A municipality cannot be held liable under section 1983 solely on a theory of respondeat superior. See 436 U.S. at 694-95. There must be "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

The only mention of the City of New Britain in the second amended complaint is in the caption and the description of defendants. Plaintiff has not alleged any facts supporting an official policy or custom. The second amended complaint describes one incident involving an alleged unlawful search and seizure. The court concludes that plaintiff fails to allege any facts supporting a claim of municipal liability and, therefore, does not state a claim against defendant City of New Britain. Defendants' motion to dismiss is granted as to claims against the City of New Britain.

**E. Claims Against Detectives Wardwell and Hayes**

The plaintiff alleges that in February 2004, Detective Wardwell and Detective Sergeant Hayes prepared an affidavit in support of a warrant to search his residence. Plaintiff claims that the affidavit included false statements by Detectives Wardwell and Hayes, omitted relevant information, and referred to information contained in a Connecticut State Police document that had been forged by Detectives Wardwell and Hayes. In reliance on

the statements in the affidavit, a Superior Court Judge subsequently found probable cause to issue the search warrant, New Britain Police Officers executed the warrant and seized evidence resulting in plaintiff's arrest on sexual assault charges.

The defendants argue that plaintiff's Fourth Amendment claims against Detectives Wardwell and Hayes are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) because plaintiff was convicted of sexual assault charges and the conviction has not been overturned. The Supreme Court has held that in order to recover damages under 42 U.S.C. § 1983 for

> harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. Thus, a state prisoner in these circumstances "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. However, if the court's conclusion that a section 1983 plaintiff is entitled to a judgment that would not necessarily demonstrate the invalidity of plaintiff's conviction, the holding in *Heck* is inapplicable. *See Id.* at 487 n. 7 (Due to

doctrines such as independent source and inevitable discovery, a successful challenge to an unreasonable search under section 1983 "would not necessarily imply that the plaintiff's conviction was unlawful").

Here, the holding in *Heck* bars the claims against Detectives Wardwell and Hayes regarding the allegedly invalid search warrant. First, the plaintiff has not alleged that his conviction on six counts of sexual assault has been invalidated in any way by any state or federal court or other state or federal official. Second, any decision by this court or by a jury holding that the search warrant contained false allegations and material omissions that precluded a finding of probable cause and that any evidence seized pursuant to the warrant should have been suppressed would necessarily call into question the validity of plaintiff's conviction.

It is apparent that the entire evidentiary basis for the charged offenses of sexual assault derives from a single search that is now being challenged as part of a section 1983 action. Furthermore, it seems clear that the evidence seized pursuant to the alleged invalid search warrant was crucial to viability of the case against the plaintiff as plaintiff's criminal attorney filed not only a motion to suppress, but a motion for articulation, a motion for re-argument of the motion to suppress and a request for a *Franks* hearing. In addition, plaintiff

pleaded guilty to the sexual assault charges less than three months after the ruling denying the request for a *Franks* hearing. Without the search and seizure at issue, there would undoubtedly not have been any criminal charges filed against plaintiff for sexual assault. Accordingly, the Fourth Amendment claims based on the allegedly unreasonable search and seizure claims against Detectives Wardwell and Hayes are barred by *Heck*. The motion to dismiss is granted on this ground.

**F. Claims Against Probation Officer Pribyson**

The defendants also argue that the claims against defendant Pribyson are barred by the Supreme Court's decision in *Heck*. Plaintiff alleges that Probation Officer Pribyson improperly disclosed information from his probation file regarding his alleged purchase of access to an illegal website to Detectives Wardwell and Hayes who then used this information in the affidavit in support of the search warrant application.

A conclusion that defendant Pribyson had improperly disclosed information regarding plaintiff's alleged purchase of access to an illegal website to Detectives Hayes and Wardwell would not necessarily imply the invalidity of plaintiff's conviction. In considering plaintiff's claims in his motion for re-argument of the motion to suppress and denying the request for a *Franks* hearing, the state court judge noted that it had not considered the claim regarding the alleged purchase of access to

an illegal website material to its determination of the existence of probable cause to issue the search warrant. *See State v. Kaminsky*, No. CR040214486, 2005 WL 3470674, at *2 n.3 (Conn. Super. Ct. Nov. 18, 2005). If there were sufficient facts to support a finding of probable cause to issue the warrant, even without the information allegedly provided by Officer Pribyson, there would be no basis for suppressing the items seized pursuant to the execution of the search warrant and the judgment of conviction pursuant to plaintiff's guilty plea would have remained unchanged.

The defendants also argue that the claim that Probation Officer Pribyson's decision to provide information from plaintiff's probation file to Detectives Wardwell and Hayes fails to state a violation of a constitutional right.[2] The court construes plaintiff's claim against Officer Pribyson as a claim that he disclosed information in his probation records in violation of his right to privacy.

In *Whalen v. Roe*, 429 U.S. 589, 599 (1977), the Supreme Court defined the right to privacy as including "two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Id.*

---

[2] This contention is raised in the context of defendants' qualified immunity argument. (*See* Mem.Support State's Mot. Dismiss at 22-23.)

(upholding a New York statute authorizing the state to record the names and addresses of patients who received prescriptions for certain drugs). In recognizing the constitutional right to privacy, the Second Circuit has protected personal information limited to an individual's medical information, i.e. an individual's HIV status or status as a transsexual, and an individual's financial information. *See Eisenbud v. Suffolk County*, 841 F.2d 42 (1988)(recognizing the right to privacy in the context of financial disclosures); *Schachter v. Whalen*, 581 F.2d 35 (1978)(holding that constitutional right to privacy not infringed because statute had a legitimate public-interest justification and substantial security procedures); *Doe v. Marsh*, 105 F.3d 106 (1997)(recognizing the existence of a clearly established constitutional, confidentiality-based right to privacy which precluded the state from disclosing that plaintiffs had HIV); *Doe v. City of New York*, 15 F.3d 264 (1994)(recognizing the existence of the right to privacy and confidentiality in one's personal medical information).

To the extent that the plaintiff is alleging that Probation Officer Pribyson violated his privacy rights when he released to Detectives Wardwell and Hayes the information from his probation file regarding his alleged purchase of access to an illegal website in 1999, the court concludes that plaintiff has no right to confidentiality in the records from which this information was

allegedly released. The Court can find no authority to suggest that information regarding an individual's alleged access to a pornography website rises to the level of private and intimate information to warrant constitutional protection. Plaintiff has not identified and research has not revealed any Connecticut statutes prohibiting the disclosure of information from a probation file by a probation officer. In addition, courts have held that the right of confidentiality does not prohibit the disclosure of an individual's criminal history, including the individual's arrest records. *See Paul v. Davis*, 424 U.S. at 713 (finding no constitutional right of confidentiality affected by the publication of the fact that an individual was arrested of shoplifting); *J.C. McRary v. Jetter*, 665 F.Supp. 182 (E.D.N.Y. 1987)(finding that plaintiff did not have a constitutionally protected interest in the confidentiality of his youthful offender file); *Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105, 117 (3d Cir. 1987)(holding that "arrest records are not entitled to privacy protection" because they are, by definition, public). Accordingly, the claims against defendant Pribyson fail to state a claim upon which relief may be granted and the motion to dismiss is granted on this ground.

**G. <u>Conspiracy Claims</u>**

Defendants argue that plaintiff's general claim of

conspiracy to commit fraud fails to state a claim upon which relief may be granted. To state a claim for conspiracy under section 1983, plaintiff must show: (1) an agreement between at least two state actors or between a state actor and a private party; (2) to act in concert to cause an unconstitutional injury; and "(3) an overt act done in furtherance of that goal causing damages." *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002) (citation omitted). The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations. Specific allegations of misconduct are required; complaints containing only conclusory, vague or general allegations should be dismissed. *See id.* at 325.

Plaintiff does not assert any specific allegations that any of the defendants entered into an agreement to conspire with each other to commit fraud. These conclusory allegations of conspiracy fail to state a claim upon which relief may be granted. The motion to dismiss is granted as to the conspiracy claims against all defendants.

**H. <u>Qualified Immunity</u>**

Defendants argue that the First and Fourteenth Amendment malicious prosecution and abuse of process claims should be dismissed on the ground that they are entitled to qualified immunity. When considering a claim of qualified immunity, the

court first determines whether, construing the facts favorably to the non-moving party, there is a violation of a constitutionally protected right. If the court finds a violation, it next must determine whether, considering the facts of the case before it, that right was clearly established at the time of the incident. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The Supreme Court recently re-examined the holding in *Saucier v. Katz*, 533 U.S. 1942 (2001) and concluded that federal courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815 (2009).

### 1. <u>First and Fourteenth Amendments</u>

The defendants argue that the plaintiff has failed to allege facts to demonstrate that they violated his First or Fourteenth Amendment rights. A review of the second amended complaint reveals that plaintiff simply reiterates the facts in support of his Fourth Amendment claim in the sections in which he claims the defendants violated his First and Fourteenth Amendment rights. Accordingly, the court concludes that the plaintiff has failed to

state facts to support claims that any of the defendants violated his First or Fourteenth Amendment rights.

### 2. **Abuse of Process and Malicious Prosecution**

Plaintiff also claims that the defendants' actions constituted abuse of legal process and malicious prosecution. "The torts of malicious prosecution and abuse of process are closely allied. While malicious prosecution concerns the improper issuance of process, the gist of abuse of process is the improper use of process after it is regularly issued." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (internal quotation marks and citation omitted). The Second Circuit has held that "section 1983 liability may lie for malicious abuse of criminal process." *Id.*

The court looks "to state law to find the elements of the malicious abuse of process claim." *Id.* Under Connecticut law, the elements of a cause of action for abuse of process are as follows:

> An action for abuse of process lies against any person using "a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of "a legal process ... against another primarily to accomplish a purpose for which it is not designed...." (Emphasis added.) Comment b to § 682 explains that the addition

> of "primarily" is meant to exclude liability "when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."

*Mozzochi v. Beck*, 204 Conn. 490, 529 A.2d 171, 173 (1987) (citations omitted). The legal "process" plaintiff alleges was abused was the application for and issuance of the warrant for the search of his residence. In this regard, the plaintiff does not allege facts sufficient to state a claim for abuse of process. Although he claims that there was insufficient probable cause to apply for and issue the search warrant based on the false allegations of Detectives Wardwell and Hayes, he does not allege that the warrant was issued for a purpose other than one for which the law created it. Accordingly, the claim for abuse of legal process is dismissed.

A claim of malicious prosecution is cognizable under 42 U.S.C. § 1983. See id. (citing Conway v. Mount Kisco, 750 F.2d 205, 214 (2d Cir. 1984)). A section 1983 claim for malicious prosecution requires that plaintiff prove the same elements required for a malicious prosecution claim under state law. Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). To state a claim for malicious prosecution, plaintiff must allege four elements: "(1) the defendant initiated a prosecution against the plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4)

the matter terminated in the plaintiff's favor." Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997). Because the plaintiff was convicted on the sexual assault charges arising from the evidence seized from his residence, the criminal case did not terminate in his favor.[3] Thus, the malicious prosecution claim fails to state a claim upon which relief may be granted. The motion to dismiss is granted as to this claim.

**I. State Law Claims**

The plaintiff also asserts claims that the defendants actions constituted negligence. Defendants argue that the court should decline to exercise supplemental jurisdiction over the state law claims against him. Supplemental or pendent jurisdiction is a matter of discretion, not of right. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966). Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts. *See* 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases). Because the court has granted the motion to dismiss as to the federal law claims against all defendants, it declines to exercise supplemental jurisdiction over the

[3] The court notes that in response to the motion to dismiss filed by defendants Morano and Pribyson [Dkt. # 50], plaintiff concedes that he is aware that in order to assert a claim of malicious prosecution, he must have been acquitted or the charges dismissed against him in his criminal case.

plaintiff's state law claims against them.

**J. Claims Against Attorney Rizzi**

On September 16, 2008, the court dismissed claims in the first amended complaint against Attorney Rizzi on the ground that plaintiff had not alleged that Attorney Rizzi acted under color of state law during his representation of plaintiff in the state criminal case. In that ruling, the court granted plaintiff leave to file a second amended complaint to re-assert claims against Detective Sergeant Hayes, Detective Wardwell, Chief of Police Gagliardi, Mayor Stewart, Chief State's Attorney Morano, Probation Officer Pribyson and the City of New Britain. The court did not grant plaintiff leave to re-assert claims against Attorney Rizzi. Despite these facts, plaintiff filed a second amended complaint, again naming Attorney Rizzi as a defendant.

The second amended complaint includes no new facts as to the involvement of Attorney Rizzi in defending plaintiff in the state criminal action and only includes general allegations of conspiracy between Attorney Rizzi and the other defendants as well as unsupported claims that Attorney Rizzi violated his Fourth, Eighth and Fourteenth Amendment rights. Plaintiff again asserts that Attorney Rizzi failed to take action when he learned of the allegedly false statements and material omissions in the arrest warrant affidavit. Neither a public defender appointed by the court nor a private attorney representing a client in a

criminal matter is considered a state actor for purposes of section 1983. See Polk County v. Dodson, 454 U.S. 312, 102 (1981) (public defenders do not act under color of state law); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (private attorney not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 390 (S.D.N.Y. 2000) ("It is well established that attorneys are not state officers, but private persons, for the purpose of the Civil Rights Act.") (internal quotation marks and citation omitted). If a private attorney conspires with a state official to deprive another of a constitutional right, however, he or she may be deemed to have been acting under color of state law. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

The fact that Attorney Rizzi filed a motion to suppress, a motion for articulation of the court's ruling on the motion to suppress, a motion for re-argument of the motion to suppress and a request for a Franks hearing contradicts plaintiff's claim that Attorney Rizzi took no action to challenge the arrest warrant affidavit containing false statements and omissions as well as his claim that he conspired with Detectives Wardwell and Hayes to violate his Fourth Amendment rights. Plaintiff's general claims of conspiracy are conclusory and unsupported by any facts. Because a private attorney is not considered to be a state actor

and plaintiff has failed to allege facts to support a plausible claim of conspiracy with another state actor, all claims against Attorney Rizzi are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)(directing the court to dismiss at any time a claim upon which relief may not be granted).

**IV. Conclusion**

The Motions to Dismiss [**Dkt. ##s 47** and **49**] are **GRANTED** as to all federal claims against defendants Stewart, Gagliardi, City of New Britain, Wardwell, Hayes, Morano and Pribyson. All claims against Attorney Rizzi are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court declines to exercise supplemental jurisdiction over any state law claims against the defendants. The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 30th day of September, 2009, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge